UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MCARTHUR BAKER, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO.  3:05-CV-281RM |
| v. ) | |
| ) | |
| CECIL DAVIS, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

McArthur Baker, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is

>   entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Baker alleges that another inmate attacked him. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." Halley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996).

>   [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

>   Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is "something approaching a total unconcern for [the

2

plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991). It is not enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Deliberate indifference can be inferred only where defendants know there is a strong likelihood rather than a mere possibility that violence will occur. Watts v. Laurent, 774 F.2d 168, 172 (7th Cir. 1985). Prison officials cannot be expected to eliminate the possibility of all attacks because the prison system is always potentially dangerous and sometimes explosive. McGill v. Duckworth, 944 F.2d 344, 345 (7th Cir. 1991) ("Prisons are dangerous places"). Thus, the right to reasonable protection does not include the right to protection from random acts of violence. See, McGill v. Duckworth, 944 F.2d 344, 348 (7th Cir. 1991) ("some level of brutality . . . among prisoners is inevitable no matter what guards do").

Mr. Baker alleges that on January 5, 2005, another inmate, Robert Jones, physically assaulted him while he was asleep. Complaint at 3, docket #1. Mr. Baker alleges that Jones should not have been housed in ICH, and that the defendants knew that Jones had been classified as having an aggressive behavior toward staff and offenders. Mr. Baker also alleges that the defendants ignored the video monitoring of his cell house, which allowed Jones to enter his cell and beat him. He says the defendants were "relaxed in their monitoring of plaintiff's

housing location when audio and video equipment was installed to ensure immediate response if any security violations occurred. Defendant's response timing allowed Plaintiff to be brutally beaten and cut which resulted in serious bodily harm." Complaint at 7. Mr. Baker does not allege that the defendants saw the attack and did nothing to prevent it. Nor does he allege that the defendants ignored the video monitoring system with the knowledge that Mr. Baker was going to be attacked.

Mr. Baker's allegation that the defendants' video monitoring was ignored and relaxed, do not rise to the level of deliberate indifference. Although the defendants may have been negligent, or even grossly negligent in their monitoring of the cell house (issues the court does not decide), the facts as stated by Mr. Baker do not allege, and based on this complaint it would not be reasonable to infer, that they were deliberately indifferent.

Mr. Baker alleges that the defendants violated his rights when they classified Jones to be eligible for housing in the honor cell house when Jones "has been classified as having an aggressive behavior toward staff and offenders." Complaint at 3. He alleges the defendants knew "the likelihood possible violence of assailant Robert Jones, as he has had prior incidents of violence". Complaint at 7. "It is certainly true that a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence in [a detention facility]." Weiss v. Cooley, 230 F.3d 1027, 1032 (7th Cir. 2000).

In <u>Brown v. Budz</u>, 398 F.3d 904 (7th Cir. 2005), the plaintiff, Brown alleged that facility officials failed to protect him from being attacked by another inmate. Brown alleged that the other inmate had both a known history and propensity of violently attacking Caucasians, and was allowed unsupervised access to the dayroom where Caucasian residents, including Brown, would congregate. <u>Brown v. Budz</u>, at 911. The court held that "When circumstances conspire to find a serial assailant with unsupervised access to his target prey, a heightened risk of assault does inescapably arise. Having alleged such exposure to a heightened risk of assault, posed by a specific individual with allegedly known violent propensities, Brown has alleged a sufficiently substantial risk." <u>Id</u>.

Mr. Baker doesn't allege that Jones posed a specific risk. He doesn't allege that Jones had known propensities of violence toward a specific class of persons. Nor does he allege these defendants knew of or condoned inmate Jones's attack on him. Unlike Brown, Mr. Baker has only alleged a general risk of violence in the facility, not a particular threat to him, or even a specific class of inmates. That Jones has previously been classified as having an "aggressive behavior", or that he had "prior incidents of violence" does not allege a heightened risk of assault which rises to a sufficiently substantial risk. Taking Mr. Baker's factual allegations as true, the facts alleged do not support an allegation of deliberate indifference by the defendants.

For the forgoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: April 3 , 2006

                                              /s/ Robert L. Miller, Jr.
                                              Chief Judge
                                              United States District Court